UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TRACIE WARD AND RICHARD WARD** | CIVIL ACTION NO._____ |
| VS. | U.S. JUDGE _____ |
| **PNK (LAKE CHARLES), L.L.C. d/b/a L'AUBERGE LAKE CHARLES** | MAGISTRATE_____ |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, PNK (LAKE CHARLES), L.L.C. d/b/a L'AUBERGE LAKE CHARLES ("PNK"), who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby removes this matter from the docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the docket of this Honorable Court.

I.

The matter arises from an alleged slip and fall accident that occurred on July 1, 2017, at L'Auberge Lake Charles Casino in Calcasieu Parish, Louisiana.  On May 14, 2018 plaintiffs, Tracie Ward and Richard Ward (collectively, "Plaintiffs"), filed this personal injury lawsuit against Pinnacle Entertainment, Inc. d/b/a L'Auberge Lake Charles in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Docket Number 2018-2002, Division D. (Exhibit A).  Thereafter, on June 12, 2018 plaintiffs filed a First Supplemental and Amending Petition adding defendant PNK (LAKE CHARLES), L.L.C. d/b/a L'AUBERGE LAKE CHARLES.[1] (Exhibit B).

---

[1] Pinnacle Entertainment, Inc. was voluntarily dismissed by plaintiff on August 6, 2018.

1

II.

Service of citation and a copy of the First Supplemental and Amending Petition were requested on Defendant, PNK (Lake Charles), L.L.C. d/b/a L'Auberge Lake Charles, through its registered agent for service of process, and service was completed on or about July 9, 2018.

### I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

III.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2) (2017).

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

IV.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

V.

In the plaintiff's Petition for Damages and First Supplemental and Amending Petition, the plaintiff did not alleged whether or not her damages were sufficient to entitle the defendant to a trial by jury under Louisiana Code of Civil Procedure Art. 1731 ($50,000 exclusive of interests

and cost). Further, in her lawsuit, she alleged that she "sustained injuries to her body as a whole, including but not limited to right knee, right hip, and right ankle" and claims to have "suffered emotionally, mentally and physically as a result of her injuries, causing past, present and future mental and physical pain and suffering, lost wages, mental anguish and emotional distress. Additionally, she has suffered lost wages, loss of future wages, loss of enjoyment of life, past present and future" (Exhibit A, ¶ 12). Therefore, for purposes of this removal, it was not apparent from the face of the plaintiffs' Petition for Damages or First Supplemental and Amending Petition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

VI.

In an attempt to ascertain whether the amount in controversy exceeded the $75,000 threshold for removal, PNK propounded Interrogatories and Request for Production on the plaintiffs on August 22, 2018 (Exhibit C) and Jurisdictional Interrogatories on the plaintiffs on August 30, 2018. (Exhibit D). Plaintiffs responded to PNK's Interrogatories and Request for Production on November 7, 2018 (Exhibit E). In response to Interrogatory No. 7 requesting information as to her injuries and medical treatment, the plaintiff responded, "Plaintiff suffered a tear of the lateral meniscus which required surgical repair. The exact nature of her treatment along with her exact medical bills will be located in her medical records." (Exhibit E, Answer to Interrogatory No. 7). In response to interrogatory No. 15, requesting an itemization of all losses and expenses incurred by plaintiff, plaintiff responded by stating, "Undetermined at this time. Plaintiff stipulates that her damages are not in excess of $75,000, exclusive of interest and costs." (Exhibit E, Answer to Interrogatory No. 15). In response to interrogatory No. 18, requesting information regarding lost income from work, plaintiff responded, "She was off work from

August 25, 2017 to Mid-October 2017. She worked 32-34 hours per week for $9.50 an hour, plus commission."[2] (Exhibit E, Answer to Interrogatory No. 18). In plaintiff's Responses to Request for Production of Documents, plaintiff provided documentation reflecting right knee diagnostic arthroscopy with an arthroscopic partial lateral meniscectomy performed by Dr. Robert Burke on August 25, 2017. (Exhibit E, Operative report of Fondren Orthopedic Group). The plaintiff's responses also included the following medical bills:

| | |
|---|---|
| US Anesthesia | $121.12 |
| TX Orthopedic Hospital | $15,156.03 |
| Fondren Orthopedic | $3,209.00 |
| **Total** | **$18,486.15** |

PNK analyzed the plaintiff's damages at that time for the purposes of removal. A review of general damage awards for meniscus injuries requiring surgery revealed awards as follows: $40,000.00, *Winnfield vs. DIH*, 816 So.2d 942 (La. App. 4 Cir.) 4/24/02; $46,115.00, *Farrell vs. Pierre*, 846 So.2d 49 (La. App. 5 Cir.) 4/8/03; $50,000.00, *Granger vs. Calcasieu Parish Police Jury*, 140 So.3d 1283 (La. App. 3 Cir.) 6/18/14. Including the plaintiff's known medical specials of $18,486.15, plus lost wages of $2,584 (34 hours per week s 9.50 per hour x 8 weeks), the total general and special damages at that time appeared to be approaching, but still less than the $75,000 jurisdictional amount required for removal. ($50,000 general damages + $18,486.15 medicals + $2,584 lost wages = $71,070.15).

On October 5, 2018 plaintiffs responded to PNK's Jurisdictional Interrogatories again stating, "Plaintiffs will agree to stipulate that damages are not in excess of $75,000, exclusive of interest and cost." (Exhibit F. No. 2).[3]

---

[2] The plaintiff provided no information as to the amount of commissions she claims to have lost.
[3] Neither of the plaintiffs' responses found in Exhibit C or D constitute a binding stipulation which would prevent removal in this case. See *Crosby v. Lassen Canyon Nursery, Inc.*, No. CV-02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003); John *Dautriel, et al v. Colgan Air, Inc.* No. 07-cv-1735, 2008 WL 652149, (W.D. La. Jan. 15, 2008)

On January 28, 2019, PNK received additional medical records and bills from Proactive Physical Therapy. The total medical expenses from Proactive Physical Therapy are $8,369.75. (Exhibit G).[4] Therefore, it now appears the plaintiff's damages could likely exceed $75,000 exclusive of interest and cost.

### B. COMPLETE DIVERSITY EXISTS

VII.

PNK (LAKE CHARLES), L.L.C. is a Louisiana Limited Liability Company, the sole member of which is Pinnacle MLS, LLC. Pinnacle MLS, LLC is a Delaware Limited Liability Company, the sole member of which is Pinnacle Entertainment, Inc., a Delaware Corporation with its principle place of business in Pennsylvania. The sole stockholder of Pinnacle Entertainment, Inc. is Penn National Gaming, Inc., a Pennsylvania Corporation.

VIII.

Based on the information in the introductory paragraph of the Petition for Damages, Plaintiffs are domiciled in Brazoria County, Texas, and are Texas citizens for purposes of diversity.

IX.

There is complete diversity between the Plaintiffs and PNK. As of the date of filing of this Notice of Removal, Plaintiffs have not named any other parties as defendants to this action.

### II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

X.

A citation and a copy of the First Supplemental and Amending Petition were reportedly served on PNK (Lake Charles), L.L.C. d/b/a L'Auberge Lake Charles on or about July 9, 2018.

---

[4] The medical records and bill of Proactive Physical Therapy were obtained by PNK through a medical authorization provided by the plaintiff in response to Requests for Production.

XI.

The Notice of Removal was properly filed less than one year from the commencement of the action by plaintiffs and within thirty (30) days of the PNK's receipt of the medical records and bills from Proactive Physical Therapy.[5]

XII.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiffs' alleged damages could exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiffs are diverse from the Defendant.

XIII.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiffs and to the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

XIV.

No previous application has been made for the relief requested herein.

XV.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

WHEREFORE, Defendant, PNK (LAKE CHARLES), L.L.C. d/b/a L'AUBERGE LAKE CHARLES, prays that the action entitled, "*Tracie Ward and Richard Ward versus Pinnacle Entertainment, Inc. d/b/a L'Auberge Lake Charles*" bearing Docket Number 2018-2002,

---

[5] The medical bills obtained by PNK from Proactive Physical Therapy are first "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Division/Section "D,", and pending in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, be removed from the state court docket to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

PLAUCHE, SMITH & NIESET, LLC

BY:    S/ Thomas J. Solari_____
THOMAS J. SOLARI (LA BAR ROLL #19158)
1123 Pithon Street
Post Office Drawer 1705
Lake Charles, LA 70602
tsolari@psnlaw.com
Telephone:  337/436-0522
Facsimile: 337/436-9637
Counsel for Defendant, PNK (LAKE CHARLES), L.L.C. d/b/a L'Auberge Lake Charles

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of January, 2019, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to:

jtbrown@townsleylawfirm.com
tsolari@psnlaw.com

by operation of the court's electronic filing system.

_____S/ Thomas J. Solari_____
THOMAS J. SOLARI
